

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| STEPHANIE JONES, | § § | |
| Plaintiff, | § § | |
| vs. | § § | Civil Action No.: 3:16-03069-MGL |
| ALLSTATE FIRE & CASUALTY INSURANCE CO., | § § § | |
| Defendant. | § § § | |

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
ENTERING A DECLARATORY JUDGMENT**

## I. INTRODUCTION

Plaintiff filed this action for a declaratory judgment regarding her status as a resident relative under an automobile insurance policy (the Policy) issued by Defendant to her mother, Catherine Holloway (Ms. Holloway), and Plaintiff's ability, as a resident relative, to stack underinsured motorist (UIM) coverage on vehicles covered by the Policy. The Court has jurisdiction over this matter under 28 U.S.C. § 1332.

Pending before the Court is Defendant's motion for summary judgment. Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court Defendant's motion for summary judgment will be granted, and the Court will enter

a declaratory judgment holding Plaintiff is not a resident relative under the Policy and is therefore not entitled to stack UIM coverage under the Policy.

## II.     FACTUAL AND PROCEDURAL HISTORY

Plaintiff was involved in an automobile accident on March 4, 2016, when the vehicle she was driving was hit by non-party Kylie Jones' (Ms. Jones) vehicle. ECF No. 1-1 ¶ 4. Plaintiff sustained injuries and incurred medical costs as a result of the collision. *Id.* ¶ 5. Plaintiff recovered the policy limits from Ms. Jones' applicable insurance policy, but that recovery was insufficient to fully compensate Plaintiff for her losses resulting from the accident. *See id.*

Plaintiff submitted a demand to Defendant for UIM benefits under the Policy, claiming status as a resident relative of the insured under the Policy and seeking to stack UIM coverage for the vehicles covered by the Policy. *See id.* ¶¶ 6-7. The named insured on the Policy is Ms. Holloway, Plaintiff's mother; Ms. Holloway and Plaintiff are listed as drivers on the Policy. ECF No. 17-2 at 7. Ms. Holloway lives in Georgetown, South Carolina. *Id.* In response to Plaintiff's demand, Defendant concluded Plaintiff was not a resident relative of Ms. Holloway and was consequently not entitled to stack UIM benefits under the Policy. *See* ECF No. 17-3.

Plaintiff filed this action in the Court of Common Pleas for Richland County, South Carolina, seeking a declaratory judgment on the issue of whether she is a resident relative under the Policy such that she is able to stack UIM benefits under the Policy. ECF No. 1-1. Defendant removed the case to this Court. ECF No. 1.

Defendant filed its motion for summary judgment on October 30, 2017. ECF No. 17. Plaintiff responded in opposition on November 13, 2017, ECF No. 19, and Defendant replied on

November 20, 2017, ECF No. 20.  The Court, having been fully briefed on the relevant issues, is now prepared to discuss the merits of Defendant's motion for summary judgment.

**III.    STANDARD OF REVIEW**

"The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Summary judgment should be granted under Rule 56 when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is material if it might "affect the outcome of the suit under the governing law."  *Id.*  On a motion for summary judgment, all evidence must be viewed in the light most favorable to the nonmoving party.  *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

The Declaratory Judgment Act pronounces "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  A declaration issued under the Act "shall have the force and effect of a final judgment."  *Id.*  A state declaratory judgment action removed to federal court invokes the Federal Declaratory Judgment Act.  *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 261 n.3 (4th Cir. 2013).

## IV.   CONTENTIONS OF THE PARTIES

Defendant argues it is entitled to summary judgment in this action because Plaintiff did not qualify as a resident relative of Ms. Holloway, the named insured, at the time of the accident and therefore has no right to stack UIM benefits under the Policy. In support of its contention Plaintiff was not a resident relative under the Policy during the relevant time period, Defendant notes Plaintiff enrolled in an aesthetics course in Columbia, South Carolina in January 2015 and has lived in Columbia ever since, including at the time of the accident. Defendant points out Plaintiff received her last tax refund at an address in Columbia, and she has been working at her present job in Columbia, which she testified she likes, since June 2015. Defendant further relies on Plaintiff's testimony that she returns to Ms. Holloway's house in Georgetown, South Carolina only about every other weekend, as well as employment forms and medical bills listing her address in Columbia. Defendant also reports Plaintiff told one of its representatives her address was in Columbia. Defendant posits Plaintiff has failed to present any evidence she currently lives with Ms. Holloway or intends to resume living with her in the near future.

In response, Plaintiff insists she qualifies as a resident relative under the Policy. Plaintiff explains the definition of "resident" in the Policy includes unmarried dependent children while temporarily away from home if they intend to resume residing in the household, and she contends she satisfies this definition. Plaintiff provides an affidavit from Ms. Holloway asserting Plaintiff is unmarried and intends to return to Ms. Holloway's house in Georgetown. Plaintiff maintains she is a dependent of Ms. Holloway because Plaintiff is unable to provide financial assistance for Ms. Holloway's house in Georgetown and relies upon Ms. Holloway to maintain the residence. Plaintiff further notes she was not listed on the lease for the apartment in Columbia where she was

4

staying at the time of the accident, and she argues it is significant that Defendant listed Ms. Holloway's address on a check it issued to her.

V.     DISCUSSION AND ANALYSIS

A federal court exercising diversity jurisdiction applies state substantive law. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996) (citations omitted). It is undisputed the substantive law of the State of South Carolina applies to this matter, and the Court will therefore analyze this case under South Carolina substantive law.

Plaintiff's complaint arises out of Defendant's denial of her demand to stack UIM coverage on the vehicles covered by the Policy and requests a declaratory judgment "on the issue of UIM coverage and [P]laintiff's status as a household relative at the time of the collision." ECF No. 1-1 at 10. It is uncontested Plaintiff's ability to stack UIM coverage depends upon whether she qualified as a resident relative under the Policy at the time of the accident. Therefore, the determination of whether Plaintiff was a resident relative during the pertinent time period will fully resolve this case.

The relevant portion of the Policy defines a "resident" as "a person who physically resides in [the named insured's] household with the intention of continuing residence there. Your unmarried dependent children while temporarily away from home will be considered residents if they intend to resume residing in your household." ECF No. 17-2 at 31.

The South Carolina Supreme Court has outlined the following factors to be considered when determining whether an individual is a resident of a household for purposes of an insurance policy: "1) living under the same roof; 2) in a close, intimate and informal relationship, and 3) where the intended duration of the relationship is likely to be substantial . . . ." *State Farm Fire &*

*Cas. Co. v. Breazell*, 478 S.E.2d 831, 832 (S.C. 1996) (citation omitted). Moreover, under South Carolina law, "[i]nsurance policies are subject to the general rules of contract construction." *M&M Corp. of S.C. v. Auto-Owners Ins. Co.*, 701 S.E.2d 33, 35 (S.C. 2010) (citation omitted). "Courts must enforce, not write, contracts of insurance, and their language must be given its plain, ordinary, and popular meaning." *Sloan Constr. Co., Inc. v. Cent. Nat. Ins. Co. of Omaha*, 236 S.E.2d 818, 819 (S.C. 1977) (citations omitted).

Plaintiff testified in her deposition she began staying at her father's apartment on Clemson Frontage Road in Columbia in January 2015 to take an aesthetics course. ECF No. 17-4 at 8. She stated she was living at her father's Clemson Frontage Road apartment at the time of the accident in March 2016, and she stayed at that apartment until she moved to her current address on Crestland Drive, which is also in Columbia. *Id.* at 7-8. Shortly after finishing her aesthetics course, Plaintiff began working at Ultraskin Wax Center in Columbia in June 2015, where she has worked continually since. *Id.* at 6. Plaintiff testified that, during the period from June 2015 to the time of the accident in March 2016, she would return to Ms. Holloway's house in Georgetown about two weekends a month and would stay in Columbia the remainder of the time. *Id.* at 10. Thus, with the exception of visiting Ms. Holloway's house in Georgetown an average of two weekends a month, Plaintiff has been living and studying or working in Columbia from June 2015 to the present.

The Court holds that the above evidence regarding Plaintiff's living pattern and job, even when viewed in the light most favorable to Plaintiff, reveals Plaintiff was not a resident of Ms. Holloway's house in Georgetown at the time of the accident. Rather, Plaintiff was a resident of Columbia who visited Georgetown some weekends. Plaintiff was not living under the same roof as Ms. Holloway in a close, intimate, and informal relationship likely to be substantial in duration.

6

*See Breazell*, 478 S.E.2d at 832. Under the facts of this case, it would torture the plain meaning of the Policy to hold Plaintiff qualified as a resident relative of Ms. Holloway.

Although Plaintiff contends she was a resident of Ms. Holloway because she was an unmarried dependent who was temporarily away from home but intended to resume residing in the household, the evidence reveals Plaintiff was not away from home temporarily. She moved to Columbia in June 2015, approximately nine months before the accident, and has remained in Columbia ever since. Furthermore, Plaintiff has failed to offer any objective evidence of her alleged intention to resume residing in Georgetown. The conclusory allegations of such contained in Ms. Holloway's affidavit, ECF No. 19-2, fail to persuade the Court. Unsubstantiated assertions of a hope to return one day to Ms. Holloway's house are insufficient to create a genuine issue of material fact regarding whether Plaintiff was a resident of the house under the terms of the Policy.

Moreover, the Court rejects Plaintiff's contention her failure to provide financial assistance for Ms. Holloway's house indicates she was a dependent who intended to resume residing in the house. At the time of the accident, Plaintiff paid her own bills and did not receive money from her mother or father. *See* ECF No. 17-4 at 10. Rather than indicating Plaintiff was temporarily away from Ms. Holloway's house with the intention to resume residing there, Plaintiff's failure to financially assist with the house is consistent with the conclusion that she was not a resident of the house and did not intend to resume living in the house in the near future.

The Court is likewise unpersuaded by Plaintiff's arguments regarding the facts that Plaintiff was not listed on the lease for her father's apartment in Columbia and that Defendant listed Ms. Holloway's address on a check it issued to Plaintiff. A legal ownership or leasehold interest is not a requirement for residency, and it is immaterial what address Defendant listed on a check for Plaintiff.

Because the Court holds Plaintiff failed to constitute a resident relative of Ms. Holloway's house under the terms of the Policy and South Carolina law, the Court will grant Defendant's motion for summary judgment and will issue a corresponding declaratory judgment. The declaratory judgment will resolve the entire dispute in this matter; therefore, the Court will direct the Clerk of Court to close the case.

The Court's holdings articulated above are dispositive of Defendants' motion for summary judgment, and the Court therefore declines to address the remaining arguments of the parties. *See Karsten v. Kaiser Found. Health Plan of Mid-Atl. States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest *dicta*.").

## VI. CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Defendant's motion for summary judgment is **GRANTED**. The Court issues a **DECLARATORY JUDGMENT** that Plaintiff was not a resident relative under the Policy during the relevant time period and is therefore not entitled to stack UIM coverage under the Policy. The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

Signed this 23rd day of January 2018 in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE